UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EDGAR VALBUENA and all others similarly )
situated under 29 U.S.C. 216(B),          )
                                          )
            Plaintiff,                    )
    vs.                                   )
                                          )
KINGDOM CLEANERS 1, CORP                  )
BUTYA, INC.                               )
RODNEY J BURNS                            )
ALMAGUL BUTINCHINOVA,                     )
                                          )
            Defendants.                   )
_____   )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, EDGAR VALBUENA on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, KINGDOM CLEANERS 1, CORP, BUTYA, INC., RODNEY J BURNS, and ALMAGUL BUTINCHINOVA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Broward County, Florida at the time that this dispute arose.

3. The Defendant KINGDOM CLEANERS 1, CORP is a corporation that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant BUTYA, INC. is a corporation that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employer for the relevant time period.

5. The individual Defendant RODNEY J BURNS is a corporate officer and/or owner and/or manager of the Defendant KINGDOM CLEANERS 1, CORP who ran the day-to-day operations of Defendant KINGDOM CLEANERS 1, CORP for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant ALMAGUL BUTINCHINOVA is a corporate officer and/or owner and/or manager of the Defendant BUTYA, INC. who ran the day-to-day operations of Defendant BUTYA, INC. for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Broward County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION AGAINST DEFENDANTS KINGDOM CLEANERS 1, CORP AND RODNEY J BURNS

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty

hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

11. Plaintiff worked for Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS as a delivery man and shirt ironer from on or about June 15, 2009 through on or about November 4, 2013. After November 4, 2013, Defendants' business was sold to Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA.

12. Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS' business and the Plaintiff's work for the Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS was actually in and/or so closely related to the movement of commerce while he worked for the Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS.

13. Additionally, Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS regularly employed two or more employees for the relevant time period who handled goods

or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant KINGDOM CLEANERS 1, CORP had gross sales or business done in excess of $500,000 annually for the years 2010, 2011, 2012, and 2013.

15. Upon information and belief, Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS are part of a joint enterprise with several other companies as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

16. Between the period of on or about June 15, 2009 through on or about November 4, 2013, Plaintiff worked at least 60 hours a week for Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS and was paid an average of $12.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

17. Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS remain owing Plaintiff these wages since the commencement of Plaintiff's employment with

Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants KINGDOM CLEANERS 1, CORP and RODNEY J BURNS, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL OVERTIME WAGE VIOLATION AGAINST DEFENDANTS BUTYA, INC. AND ALMAGUL BUTINCHINOVA

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-17 above and further states:

18. After November 4, 2013, the business was sold to Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA. Plaintiff worked for Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA as a delivery man and shirt ironer from on or about November 5, 2013 through on or about March 8, 2014.

19. Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA's business and the Plaintiff's work for the Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA affected interstate commerce for the relevant time period because the

materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA was actually in and/or so closely related to the movement of commerce while he worked for the Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA.

20. Additionally, Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

21. Upon information and belief, the Defendant BUTYA, INC. had gross sales or business done in excess of $250,000 for the last 2 quarters for the year 2013.

22. Upon information and belief, the Defendant BUTYA, INC.'s gross sales or business done is expected to exceed $500,000 for the year 2014.

23. Between the period of on or about November 5, 2013 through on or about March 8, 2014, Plaintiff worked at least 60 hours a week for Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA and was paid an average of $12.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

24. Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants BUTYA, INC. and ALMAGUL BUTINCHINOVA remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, BUTYA, INC. and ALMAGUL BUTINCHINOVA, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167

        By:__/s/ J.H. Zidell_____
           J.H. Zidell, Esq.
           Florida Bar Number: 0010121